IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RENEE RIOS-TORREZ,

        Plaintiff,

vs.                                                                                                                   No. 06-0706-JC/RLP

DARREN P.WHITE, Bernalillo County Sheriff, SAL
BARAGIOLA, Bernalillo County Undersheriff, CHIEF
DAVID LINTHICUM, in his individual capacity,
MARY BUSTAMANTE, in her individual capacity,
BERNALILLO COUNTY SHERIFF'S DEPARTMENT
And BERNALILLO COUNTY,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on *Defendants' Motion to Dismiss*, filed on September 13, 2006 (Doc. #10)("Motion"). The Court, having considered the Motion, response thereto, the subsequent reply, the relevant authority, and being otherwise fully advised, dismisses the case *sua sponte* pursuant to Federal Rule of Civil Procedure 12(h)(3).

**I.    Factual Background**

In December of 1979, Renee Rios-Torrez ("Plaintiff") began working for the Bernalillo County Sheriff's Department as a clerk typist. In January 2004, Mary Bustamante, a fellow co-worker, filed a complaint against Plaintiff for violating the Bernalillo County e-mail policy. At the time, Plaintiff was a Grade 8 Administrative Officer working for the Field Services Division.

Plaintiff alleges that between January 2004 and September 2004, she received numerous job transfers, some of which resulted in increased responsibility, all in retaliation for her filing a

1

counter complaint against Mary Bustamante. Plaintiff alleges that she was singled out and disciplined without warning, while various transfer requests and job-related questions were ignored, despite the fact that many other employees violated the same e-mail policy and were never punished. Plaintiff remained a county employee until August 16, 2005, when she submitted her letter of retirement. Plaintiff then filed this action against Darren White, Sal Baragiola, Chief David Linthicam, Mary Bustamante, as well as the Bernalillo County Sheriff's Department and Bernalillo County (collectively "Defendants").

**II.     Discussion**

    **1.     Subject Matter Jurisdiction**

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S. Ct. 2611, 2616, 162 L. Ed. 2d 502 (2005). Federal courts "possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Among the powers which Congress has bestowed upon the courts is the power to hear controversies arising under federal law-- federal-question jurisdiction-- and controversies arising between citizens of different states where the amount in controversy exceeds $ 75,000.00-- diversity jurisdiction. *See* 28 U.S.C. §§ 1331(a)(1) and 1332.

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties *or otherwise* that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." (emphasis added) FED. R. CIV. P. 12(h)(3). Objections to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*,

546 U.S. 500, 126 S. Ct. 1235, 1240, 163 L. Ed. 2d 1097 (2006). The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006). Thus, the Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties, as is the case here, have not raised the issue.

    **2.**    **Title VII Claims**

Plaintiff alleges various violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3 *et seq.* ("Title VII"), including subjection to a hostile work environment, unlawful retaliation and disparate treatment. Plaintiff, however, has failed to allege the pursuit of any administrative remedies prior to instituting this action. "[E]xhaustion of administrative remedies is a jurisdictional prerequisite to filing a Title VII lawsuit. . . ." *Jenkins v. Educational Credit Management Corp.*, No. 05-2007, 2007 U.S. App. LEXIS 197, at *5 (10th Cir. Jan. 4, 2007). The purpose of this requirement is "to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims." *Foster v. Ruhrpumpen. Inc.*, 365 F.3d 1191, 1195 (10th Cir. 2004)(citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003)). The Court notes that in the Tenth Circuit there is a crucial distinction between the failure to timely file a charge with the EEOC, which is not jurisdictional, and the failure to file a charge at all, which is jurisdictional. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)(holding that "filing a timely charge of discrimination with the EEOC is not a

jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); *Cf. Douglas v. Norton*, 167 Fed. Appx. 698, 705 (10th 2006)("[a]lthough some of our sister circuits have interpreted Zipes to mean exhaustion of administrative remedies under Title VII is not jurisdictional at all but rather a condition precedent or an affirmative defense subject to waiver, we have distinguished between the timely filing of a charge with the EEOC, which is not jurisdictional, and the failure to file such charge at all, which is jurisdictional."); *Jones v. Runyon*, 91 F.3d 1398, 1399 n.1 (10th Cir. 1996))(holding that "[the Tenth Circuit] has referred to the requirement of an EEOC filing (as opposed to a mere requirement of a timely filing) as a jurisdictional requirement.").

To exhaust administrative remedies, a plaintiff generally must present her claims to the Equal Employment Opportunity Commission ("EEOC ") or authorized state agency as part of her timely filed administrative EEOC charge and receive a right-to-sue letter based on that charge. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  Prior to filing a discrimination claim under Title VII, a party must file a claim with the EEOC within 180 days of the act of discrimination. *See* 42 U.S.C. § 2000e-5(e)(1). Here, there is no indication that Plaintiff ever filed a charge with the EEOC.  Because Plaintiff failed to exhaust her administrative remedies, a jurisdictional prerequisite to filing suit, her Title VII claims are barred.  Therefore, the hostile work environment, retaliation and disparate treatment claims are all dismissed.

### 3. State Law Claims

Having dismissed all of Plaintiff's federal claims, the Court lacks jurisdiction to hear Plaintiff's state claims. Accordingly, the state law claims shall be dismissed.

WHEREFORE,

**IT IS ORDERED**:

**I.** *Defendants' Motion to Dismiss* (Doc. #10*)* is denied as moot and this cause of action is dismissed, *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

**IT IS FURTHER ORDERED** that Plaintiff's state law claims set forth in Counts IV and V of the Complaint are dismissed.

Dated March 12, 2007.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Richard J. Shane, Esq.
    Riley & Shane PA
    Albuquerque, NM

Counsel for Defendants:

    Thomas R. Briones, Esq.
    Albuquerque, NM